UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANGELA PEDRERA,
and other similarly situated individuals,

    Plaintiff (s)

v.

P & Y OPERATIONS INC.
PBS OPERATIONS INC,
PATRICIA BORGES,
and ALEXEY SAN MARTIN

    Defendants,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANGELA PEDRERA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants P & Y OPERATIONS INC., PBS OPERATIONS INC, PATRICIA BORGES, and ALEXEY SAN MARTIN, individually and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff ANGELA PEDRERA is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC are Florida corporations with place of business within the jurisdiction of this Court. At all times material Defendants were and are engaged in interstate commerce.

4. The individual Defendants PATRICIA BORGES, and ALEXEY SAN MARTIN, were and are owners/partners and directed operations of the corporations mentioned in paragraph # 3.

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC, are a joint enterprise and joint employers of Plaintiff.

6. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2016, (the "material time") without being compensated overtime wages pursuant to the FLSA.

8. Corporate Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC are retail businesses operating as Shell, Chevron, and Mobil gas stations and convenience stores. Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC operate at least four (4) gas stations and convenience stores located in the South Miami area.

Defendants sell convenience store related merchandise, including soft beverages, beers, and wine. Plaintiff worked at the gas stations/convenience stores located at 950 SW 87 Ave., Miami, Florida 33174 (Shell), and 10450 West Flagler ST., Miami Florida 33174 (Chevron).

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC are a joint enterprise because: 1) the two companies have the same or related business activities; 2) the two companies operated out of the same location; 3) the two companies shared centralized management offices, facilities, equipment and supplies; 4) P & Y OPERATIONS INC. and PBS OPERATIONS INC operated as a single unit for a common business purpose; 5) between P & Y OPERATIONS INC. and PBS OPERATIONS INC existed unified operation and common control, and they operated as a single unit; 6) P & Y OPERATIONS INC. and PBS OPERATIONS INC shared a common business purpose, the profitable operation of both companies; 7) P & Y OPERATIONS INC. and PBS OPERATIONS INC had interdependent financial interest; 8) existed common ownership; 9) while working at PBS OPERATIONS INC, Plaintiff was paid by P & Y OPERATIONS INC.

10. Pursuant 29 C.F.R. §791.2, P & Y OPERATIONS INC. and PBS OPERATIONS INC were joint employers because: 1) P & Y OPERATIONS INC. and PBS OPERATIONS INC through their owners/managers, had equal and absolute control over the Plaintiff and other employees similarly situated; 2) P & Y OPERATIONS INC. and PBS OPERATIONS INC through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) P & Y OPERATIONS INC. and PBS OPERATIONS INC operated out of the same facilities

where Plaintiff and the other similarly situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals were an integral part of the business operation of P & Y OPERATIONS INC. and PBS OPERATIONS INC; 5) both companies had the power to hire and to fire employees; 6) while working at PBS OPERATIONS INC, Plaintiff was paid by P & Y OPERATIONS INC.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

13. Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC hereinafter will be called collectively P & Y OPERATIONS, or Defendant.

14. Defendants P & Y OPERATIONS, PATRICIA BORGES, and ALEXEY SAN MARTIN employed Plaintiff ANGELA PEDRERA as a cashier and general store employee, from approximately May 01, 2011, to August 06, 2019, or more than 8 years. However, for FLSA's purposes Plaintiff's relevant period of employment is 155 weeks.

15. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $11.60 an hour, for 141

weeks, and for her last 14 weeks of employment with Defendants, Plaintiff was paid at the rate of $12.47 an hour.

16. Plaintiff's responsibilities included all the duties of a store attendant, including helping customers, cashier, receiving incoming shipments, stocking shelves, handling inventory, managing cash, cleaning bathrooms and floors, and all the work related to a gas station/convenience store operation.

17. During the relevant time of employment with Defendants, Plaintiff had a regular schedule, she worked 6 days per week; from Monday to Friday Plaintiff began to work at 5:30 PM and she finished her shift at 4:00 PM (10.5 hours each day).  On Saturdays Plaintiff worked from 6:00 AM to 11:00 AM (5 hours). Thus, Plaintiff worked a total of 57.5 hours every workweek.  Plaintiff was unable to take bona-fide lunch periods.

18. Plaintiff worked a substantial amount of overtime hours and she was paid for all her hours, but at her regular rate. Plaintiff was not paid for overtime hours as required by the FLSA.

19. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because she was under constant security cameras surveillance.

20. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid weekly by direct deposits. Defendants paid Plaintiff $467.00 less deductions by direct deposit, plus $200.00, or lately $250.00 in cash.

22. Defendants did not provide Plaintiff with paystubs or records providing accurate information regarding accounting for days and hours worked, wage rate, classification of the employee's labor, and withholdings of employment taxes.

23. On or about August 6, 2019, Plaintiff resigned from her position to pursue better employment opportunities.

24. Plaintiff seeks to recover half-time overtime for the hours that were paid to her at regular rate, plus liquidated damages and any other remedy allowable by law.

25. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

26. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff ANGELA PEDRERA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after

August 13, 2016, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

28. Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer", (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

29. Defendants P & Y OPERATIONS INC. and PBS OPERATIONS INC hereinafter will be called collectively P & Y OPERATIONS, or Defendant.

30. Defendant P & Y OPERATIONS is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating simultaneously as gas station, convenience store, and food beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

31. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce by providing services and support to firms and individuals engaged in commerce or in the production of goods for commerce.

Additionally, Plaintiff routinely handled credit card transaction. Therefore, there is FLSA individual coverage.

32. Defendants P & Y OPERATIONS, PATRICIA BORGES, and ALEXEY SAN MARTIN employed Plaintiff ANGELA PEDRERA as a cashier and general store employee, from approximately May 01, 2011, to August 06, 2019, or more than 8 years. However, for FLSA's purposes Plaintiff's relevant period of employment is 155 weeks.

33. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $11.60 an hour, for 141 weeks, and for her last 14 weeks of employment with Defendants, Plaintiff was paid at the rate of $12.47 an hour.

34. Plaintiff's responsibilities included non-exempted duties corresponding to a gas station/convenience store employee.

35. During the relevant time of employment with Defendants, Plaintiff had a regular schedule, she worked 6 days per week a total of 57.5 hours. Plaintiff was unable to take bona-fide lunch periods.

36. Plaintiff worked a substantial amount of overtime hours and she was paid for all her hours, but at her regular rate. Plaintiff was not paid for overtime hours as required by the FLSA.

37. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because she was under constant security cameras surveillance.

38. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid weekly by direct deposits. Defendants paid Plaintiff $467.00 less deductions by direct deposit, plus $200.00, or lately $250.00 in cash.

40. Defendants did not provide Plaintiff with paystubs or records providing accurate information regarding accounting for days and hours worked, wage rate, classification of the employee's labor, and withholdings of employment taxes.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain time records of hours worked by Plaintiff and other employees, and Plaintiff never saw any time-records.

42. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

44. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime hours are calculated as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

Fifteen Thousand Eight Hundred Forty Dollars and 30/100 ($15,840.30)

b. <u>Calculation of such wages</u>:

Total Number of relevant weeks: 155 weeks
Total of hours worked in a week: 57.5 hours
Total of overtime hours: 17.5 O/T hours weekly

**1. Overtime Calculations from 8/13/16 to 4/30/19=141 weeks paid at $11.60**

Relevant weeks: 141 weeks
Paid weekly: $467.00 check plus $200.00 cash= $667.00 weekly
Regular rate: $667.00:57.5 hours = $11.60 regular rate x 1.5=$17.40 O/T rate
O/T rate: $17.40-$11.60 rate paid=$5.80 half-time overtime difference

$5.80 half-time x 17.5 O/T hours=$101.50 weekly x 141 weeks=$14,311.50

**2. Overtime Calculations from 5/01/19 to 8/06/19=14 weeks paid at $12.47**

Relevant weeks: 14 weeks
Paid weekly: $467.00 check plus $250.00 cash= $717.00 weekly
Regular rate: $717.00:57.5 hours = $12.47 regular rate x 1.5=$18.71 O/T rate
O/T rate: $18.71-$12.47 rate paid=$6.24 half-time overtime difference

$6.24 half-time x 17.5 O/T hours=$109.20 weekly x 14 weeks=$1,528.80

Total Overtime 1 and 2: $15,840.30

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

45. At all times material, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the

Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. At the times mentioned, individual Defendants PATRICIA BORGE and ALEXEY SAN MARTIN were the owners and operators of P & Y OPERATIONS. Defendants PATRICIA BORGES, and ALEXEY SAN MARTIN were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of corporate Defendant in relation to its employees, including Plaintiff and others similarly situated. Defendants PATRICIA BORGES and ALEXEY SAN MARTIN had financing and operational control of the corporation, they were responsible for Plaintiff and other similarly situated employees' working conditions, and they are jointly and severally liable for Plaintiff's damages.

48. Defendants P & Y OPERATIONS, PATRICIA BORGES, and ALEXEY SAN MARTIN willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

49. Plaintiff seeks to recover her unpaid overtime wages accumulated during her time of employment with Defendants as allowable by law.

50. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ANGELA PEDRERA and other similarly situated individuals and against the Defendants P & Y OPERATIONS, PATRICIA BORGES, and ALEXEY SAN MARTIN based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ANGELA PEDRERA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANGELA PEDRERA demands trial by jury of all issues triable as of right by jury.

DATED: August 23, 2019

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*